# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON CAZARES, | CASE NO. 1:08-cv-00232-AWI-YNP PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES YATES, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Simon Cazares ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff is suing under section 1983 for deliberate indifference toward his medical needs, implicating his rights under the Eighth Amendment. Plaintiff names warden James Yates and "all responsible state employees (PVSP medical staff and state officials)" as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983. Plaintiff's complaint will be dismissed with leave to file an amended complaint that cures the deficiencies identified by the Court.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        In determining whether a complaint fails to state a claim, the Court uses the same pleading
7  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must
8  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
9  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual
10 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
11 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
12 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,
13 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550
14 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
15 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.
16 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
17 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
18 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

20 **II.     Background**

21       Plaintiff alleges that he suffered from "a left comminuted radio ulnar fracture" from playing
22 sports.  Plaintiff was seen the same day be medical staff and given a split.  Plaintiff awaited cast
23 placement and an orthopedic consultation.  However, he did not receive further treatment despite
24 making repeated requests.  Plaintiff claims that he suffers constant pain and permanent deformity
25 in his arm and wrist because of the failure to provide further treatment.
26 ///
27 ///
28 ///

### III. Discussion

#### A. Eighth Amendment Claims

Plaintiff claims that his rights were violated by prison officials' deliberate indifference toward his medical needs. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there

must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff alleges sufficient facts to establish that he had serious medical needs. Plaintiff claims that the lack of treatment led to permanent deformities and constant pain. However, Plaintiff fails to allege facts that demonstrate who caused the delays in his medical treatment and fails to allege facts that support his conclusion that these prison officials acted with deliberate indifference. Plaintiff does not identify who denied his requests for treatment or identify any prison officials who knew about Plaintiff's condition and failed to take reasonable action to treat Plaintiff. The only individual that Plaintiff identifies is Defendant James Yates, who is alleged to be the warden at PVSP. Plaintiff does not allege that Yates knew about Plaintiff's condition or is responsible for providing medical care to Plaintiff. Plaintiff cannot hold Defendant Yates liable under section 1983 solely by reason of his supervisory position as warden at PVSP. See discussion infra Part III.B.

Plaintiff vaguely alleges that "all responsible state employees" should be held liable. In order to state a claim under section 1983, Plaintiff must provide some allegation of who these employees are and what they did. For each prison official being sued, Plaintiff must 1) identify who that prison official is, 2) allege how that prison official knew of a serious risk to Plaintiff's health, and 3) allege how that prison official's actions exposed Plaintiff to a serious risk to his health. Plaintiff cannot simply allege that he was denied medical care and suffered injury. Such allegations are not sufficient to state a claim under section 1983 for a violation of the Eighth Amendment. Plaintiff has failed to identify which prison officials knew about his condition and denied his requests for medical treatment. Therefore, Plaintiff fails to state any cognizable claims for the violation of his rights under the Eighth Amendment.

**B.      Claims Against Supervisory Personnel**

Plaintiff names warden James Yates as a defendant but does not allege any facts show how Yates was involved with Plaintiff's medical care other than the fact that he holds a supervisory position at PVSP.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In order to state a claim against Defendant Yates, Yates must have personally participated in providing Plaintiff inadequate medical care, knew about Plaintiff's inadequate medical care and failed to take reasonable action to intervene, or implemented a policy that is so deficient that the policy itself is a repudiation of constitutional rights and was the moving force behind Plaintiff's inadequate medical care.  Plaintiff has not alleged any facts that satisfy any of these requirements.  Yates is not liable under section 1983 simply for being the warden and holding a supervisory position over other prison officials who violated Plaintiff's constitutional rights.

**C.      Use of Exhibits**

Plaintiff has attached approximately 63 pages of exhibits to his complaint.  While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage.

Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff; the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

**IV. Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 18, 2010**                              /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE