**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMON CAZARES, | ) Case No.: 1:08-cv-00232-AWI-SAB (PC) |
| Plaintiff, | ) FINDING AND RECOMMENDATIONS |
| | ) REGARDING DEFENDANT TAREK'S MOTION |
| v. | ) TO DISMISS FOR FAIURE TO STATE A |
| | ) COGNIZABLE CLAIM |
| TAREK NASSIF et al., | ) |
| | ) [ECF No. 25] |
| Defendants. | ) |
| | ) |

Plaintiff Simon Cazares is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint on February 15, 2008.  On March 18, 2000, the Court dismissed the complaint, with leave to amend, for failure to state a cognizable claim.  Plaintiff filed a first amended complaint on April 20, 2010.  On November 29, 2011, the Court found that Plaintiff stated a cognizable Eighth Amendment claim for deliberate indifference to a serious medical need as to Defendants Tarek Nassif and D. Coleman, but found that Plaintiff failed to state cognizable claims against any other named defendant.  Plaintiff was given the option of notifying the Court of his willingness to proceed on the claims against Nassif and Coleman or file a second amended complaint.

1

Plaintiff opted to proceed on the claims against Nassif and Coleman only and dismiss all the remaining claims and defendants.

On May 13, 2013, Defendant Tarek Nassif filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cognizable claim.   Defendant also filed a request for judicial notice.  Plaintiff filed an opposition on June 7, 2013, and Defendant filed a reply on June 13, 2013.

## II.

## DISCUSSION

### A.     Defendant's Request for Judicial Notice

Defendant has filed a request for the court to take judicial notice of the following documents filed in this action submitted as exhibits to his motion to dismiss:

Exhibit A - Plaintiff's original Complaint, filed on February 15, 2008.  ECF No. 1.

Exhibit B – Order Dismissing Complaint, With Leave to File Amended Complaint Within 30 Days, executed March 18, 2010.  ECF No. 6

Exhibit C – First Amended Prisoner Civil Rights Complaint.  ECF No. 9

Exhibit D – Order Requiring Plaintiff to Either File Amended Complaint or Notify Court o Willingness to Proceed Only on Claims Found to be Cognizable, executed November 29, 2011.  ECF No. 12.

Exhibit E – Notice, filed by Plaintiff on December 22, 2011.  ECF No. 13.

Exhibit F – Order Adopting Findings and Recommendations.  ECF No. 18.

Defendant requests the Court take judicial notice of the original complaint and exhibits attached thereto to negate Plaintiff's claim for deliberate indifference as set forth in the amended complaint.  The Court may take judicial notice that the documents were filed and the date on which they were filed, but it may not take judicial notice of any facts set forth in the documents themselves. See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").  To the extent the contents of the complaint and amended complaint or any other

document are in dispute, the allegations contained therein are not an appropriate subject for judicial notice.  Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) ("Judicial notice is taken of the existence and authenticity of the public and quasi public documents listed.  To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.").  As explained below, the basis of Plaintiff's deliberate indifference claim is based on the medical treatment provided by Defendant Nassif, therefore, the undersigned recommends that judicial notice of the facts set forth in Plaintiff's original complaint and exhibits be denied.

### B.       Rule 12(b)(6) Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-1242 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194. 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

///

3

C.      **Defendant's Motion to Dismiss For Failure to State a Claim**

Plaintiff's amended complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; Watison, 668 F.3d at 1112.  Defendant's argument that Plaintiff alleges nothing more than mere negligence is not persuasive.  The Court finds no basis that it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

Plaintiff's Eight Amendment claim arises from inadequate medical treatment for his fractured wrist.  Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  In order to prevail on a claim where there are choices between alternative courses of treatment, a plaintiff must show that the course of treatment the defendant chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health.  Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Estelle v. Gamble, 429 U.S. 97, 104 (1976).

In his amended complaint, Plaintiff alleges that Defendant Nassif rendered medically unacceptable treatment under the circumstances.  Plaintiff alleges that his wrist was "grossly deformed" and Defendant Nassif chose to bandage the wrist.  Id.  From Plaintiff's allegations, it can be inferred that because Defendant Nassif knew Plaintiff's wrist was severely fractured for which he suffered excruciating pain and failed to provide a hard cast and/or surgery, he was deliberately indifferent to a substantial risk to Plaintiff health.  Whether or not the severity of Plaintiff's fracture to his wrist posed a substantial risk of serious harm to his health is an issue for the evidentiary stage, and whether Defendant's response to the risk was reasonable as a matter of law is not an issue subject to resolution at the pleading stage.  Farmer, 511 U.S. at 844-845; Thomas v. Ponder, 611 F.3d 1144,

4

1150-1151.  The fact that Plaintiff's claim may not ultimately been proven, is an issue to address at the evidentiary stage of this litigation.  Therefore, the Court recommends that Defendant's motion to dismiss for failure to state a cognizable claim be denied.

**D.     Request for Court to Appoint Expert Witness**

In his opposition, Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of medical expert to testify about his medical condition and acceptable treatment for such condition.  Despite the fact that Plaintiff's motion is inappropriately raised by way of his opposition, Plaintiff is not entitled to the appointment of an expert witness.

Rule 702 of the Federal Rules of Evidence states, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise."  Under Rule 706, the Court may on its own motion, or the motion of a party appoint an expert witness.  Fed. R. Evid. 706(a).

The Court finds that an expert is not necessary or appropriate to appoint in this instance.  Plaintiff's allegations relating to the pain and treatment of his wrist fracture are no more complex than those found in a majority of deliberate indifferent cases pending before this Court.  Honeycutt v. Snider, 2011 WL 6301429, *1 (D. Nev. 2011) ("The appointment of experts in deliberate indifferent cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial evidence defendants may have to bear if courts were to appoint experts in such cases.").   Therefore, Plaintiff's request for the appointment of a medical expert witness is DENIED.

**III.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.     Defendant's request for judicial notice be granted in part and denied in part;

2.     Defendant's motion to dismiss for failure to state a claim, filed on May 13, 2013, be denied; and

5

3.      Plaintiff's request for the appointment of a medical expert be denied.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. ' 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 11, 2013__               _____

                                                        UNITED STATES MAGISTRATE JUDGE