UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON CAZARES,<br><br>        Plaintiff,<br><br>    v.<br><br>NASSIF TAREK, et al.,<br><br>        Defendants. | Case No.: 1:08-cv-00232-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING TO GRANT PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS THE ACTION WITH PREJUDICE<br><br>[ECF No. 44] |

Plaintiff Simon Cazares is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Dr. Tarek Nassif and Dr. D. Coleman for deliberate indifference of a serious medical need relating to the treatment of Plaintiff's wrist injury.

Now pending before the Court is Defendant Coleman's motion for summary judgment, filed September 22, 2014. Instead of filing an opposition, Plaintiff filed a request to voluntarily dismiss the action, with prejudice, on October 6, 2014. Defendant Coleman has not opposed Plaintiff's motion for voluntary dismissal. Local Rule 230(l).

1

Defendant Nassif previously filed a motion for summary judgment on March 27, 2014.[1] Plaintiff did not file an opposition. On May 21, 2014, the undersigned issued Findings and Recommendations recommending to grant Defendant Nassif's motion for summary judgment. On September 4, 2014, the Findings and Recommendations were adopted in full and judgment was entered in favor of Defendant Nassif.

## II.

## DISCUSSION

Under Rule 41, a Plaintiff may voluntarily dismiss without a court order by filing a notice of dismissal before the defendant serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982). Under Rule 41(a)(2), there are three separate determinations for the court to make: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005). In this case, the Court finds it necessary to address only the first two considerations.

A court should grant a motion for voluntary dismissal unless the defendant can show that he will suffer legal prejudice as a result. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument. Westlands Water Dist. v. United States, 100 F.3d 972, 975 (9th Cir. 2001). Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. Smith, 263 F.3d at 976.

Because Defendant Coleman has answered the complaint and filed a motion for summary judgment, a court order is necessary for Plaintiff to voluntarily dismiss this action at this point in time. Id. The Court finds that Defendant Coleman, the only remaining defendant in this action, would not suffer legal prejudice if the Court grants Plaintiff's motion for voluntary dismissal, with prejudice,

---

[1] On November 12, 2013, Defendant D. Coleman filed an answer to the complaint. (ECF No. 31.)

2

versus a grant of summary judgment in his favor.  Either a dismissal with prejudice or a grant of summary judgment in his favor has the same legal effect as to Defendant Coleman.  In either situation, Plaintiff may not re-litigate the claim raised in the instant action against Defendant Coleman.  Accordingly, the Court recommends that Plaintiff's motion to voluntarily dismiss the action, with prejudice, and enter be GRANTED.

### III.
### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to voluntarily dismiss this action with prejudice be GRANTED; and

2. The Clerk of Court be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE

3